Jones, J.,
delivered the opinion of the Court.
This was an action of assumpsit, brought by the plaintiff against the defendant, Hammond, and one Expedien Bouis, jointly, as co-partners in trade, for money lent.
The writ being returned non est, as to the defendant, Bouis, Hammond, put in the plea of non-assumpsit, on which issue was joined, and the cause submitted to the Court without a jury.
The hill of exceptions filed in the case, states the following facts as having been given in evidence for the plaintiff: — That early in the spring of 1818, Hammond borrowed of the plaintiff §300, with which, he had said, he wanted to pay off the expenses of a boat load of groceries, then lying at the wharf at St. Louis, promising at the same time, to return the money in a few days — that there was such a firm or co-partnership as Hammond & Bouis, and that Hammond, the defendant, was one of the firm — that the money was borrowed by Hammond, without mentioning whether for himself or the firm, and that Bouis was not present — that after the goods had been stored up at St. Louis, .Hammond k'froduced Bouis to a witness, as his partner, and that soon after the groceries were opened for sale, the partnership was dissolved. It was further proved, that in the fall before, Bouis went to New Orleans " to buy groceries for the film — that he got alarmed on account of the yellow fever, and left the place and the goods, and returned to St. Louis — that in the course of the next winter And spring, Hammond went down and brought up the groceries, which were marked in the name of Hammond & Bouis.”
*86 The hill of exceptions then states, that the counsel for the defendant objected to the evidence, alledging that it did not prove a loan to the partnership, hut only to Hammond, individually; and the Judge heing of opinion, that although he was weli satisfied the partnership existed at the time of the loan, and the money loaned might have been borrowed for, and applied to, the extinguishment of a partnership debt, yet, as the money appeared to be borrowed by Hammond himself, without stating anything about the firm, that he himself, and not the firm, was responsible; and therefore advised the plaintiff’s attorney to .accept of a nonsuit, which he refused to do, and excepted to the opinion of the Judge, who, thereupon, gave judgment for the defendant, to reverse which, this writ of error was brought.
Had the cause in the Court below been tried before a jury, they would have determined, by their verdict, whether the mommy lent by Wiggins, and borrowed by Hammond, was on the individual responsibility of the latter, or on that of him and Bouis in co-partnership; and as the parties thought proper to submit the facts, as well as the law, to the Judge, this Court is not prepared to say that he erred in deciding the fact in the manner he did.
The judgment given for the defendant, on the fact, so found was, therefore, correct.
Judgment affirmed with costs.